THOMAS P. BROWN IV          State Bar No. 97315
tbrown@browngitt.com
SHERRY B. SHAVIT            State Bar No. 193222
sshavit@browngitt.com
BROWN GITT LAW GROUP, LLP
300 North Lake Avenue, Suite 200
Pasadena, California 91101
Telephone: 626.229.1919
Facsimile:  626.229.1917

Attorneys for Defendant,
TATITLEK TRAINING SERVICES, INC.

FILED
CLERK U.S. DISTRICT COURT

JAN 2 0 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

GEORGE MURRAY, an individual,

Plaintiff,

v.

TATITLEK TRAINING SERVICES, INC, an unknown entity; TATITLEK CORPORATION, an unknown entity; and DOES 1-20, inclusive,

Defendants.

EDCV12-0099 R (CPx)
CASE NO.:

(San Bernardino Superior Court, Case No. CIVMS 1100570)

**DEFENDANT TATITLEK TRAINING SERVICES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441(b)  (Diversity)**

**PLEASE TAKE NOTICE** that Defendant Tatitlek Training Services, Inc. ("Defendant" or "TTSI") contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court in the State of California for the County of San Bernardino to the United States District Court for the Central District of California.

The removal is based on 28 *U.S.C.* §§ 1332 and 1441(b) and, specifically, on the following grounds:

## PLEADINGS, PROCESS AND ORDERS

1.  On or about November 30, 2011, Plaintiff George Murray ("Plaintiff" or "Murray") commenced the above-entitled civil action in the Superior Court for the

County of San Bernardino by filing a Complaint therein entitled *George Murray, an individual v. Tatitlek Training Services, Inc, an unknown entity; Tatitlek Corporation, an unknown entity; and Does 1-20, inclusive,* Case No. CIVMS1100570. True and correct copies of Plaintiff's Summons, Complaint and Certificate of Assignment are attached hereto and incorporated herein by reference as **Exhibit "A."**

2.  The Complaint was served on Defendant Tatitlek Training Services, Inc. by personal delivery to Defendant's registered agent for service of process, CT Corporation on December 23, 2011. A true and correct copy of CT Corporation's Service of Process Transmittal is attached hereto and incorporated herein by reference as **Exhibit "B."**

3.  Defendant is informed and believes that The Tatitlek Corporation has not been served with the Complaint.

4.  Defendant's Answer to Complaint for Damages, filed on or about January 19, 2012, is attached hereto and incorporated herein by reference as **Exhibit "C."** The attached exhibits constitute all the papers and processes that have been filed or received in this matter.

## DIVERSITY

5.  This is a civil action over which this Court has original jurisdiction under 28 *U.S.C.* § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 *U.S.C.* § 1441(b), as the action is between citizens of different states.

6.  Defendant is informed and believes that Plaintiff was, at the time of the filing of this action, and still is, both a resident and a citizen of the State of California. Complaint, ¶ 1. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland,* 248 F.3d 95, 100 (2d

1  Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also*
2  *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).  A
3  person's domicile is the place he or she resides with the intention to remain or to
4  which he or she intends to return.  *See Kanter v. Warner–Lambert Co.*, 265 F.3d
5  853, 857 (9th Cir. 2001).

6       7.  Conversely, Defendant is not a citizen of California.  For diversity
7  purposes, a corporation "shall be deemed a citizen of any State by which it has
8  been incorporated and of the State where it has its principal place of business."  28
9  U.S.C. § 1332(c)(1).  Defendant was, at the time of the filing of the state court
10 action, and remains, incorporated in the State of Alaska and its principal place of
11 business was, and remains, in the State of Alaska.

12      8.  Although not served, The Tatitlek Corporation also is incorporated in and
13 has its principal place of business in the State of Alaska.  Accordingly, Plaintiff is a
14 citizen of a State different from Defendant, and diversity exists.

15      9.  Defendants Does 1 through 20, inclusive, are wholly fictitious.  The
16 Complaint does not set forth the identity or status of any said fictitious defendants,
17 nor does it set forth any charging allegation against any fictitious defendants.  The
18 naming of said fictitious defendants does not destroy the diversity of citizenship
19 between the parties in this action.  *McCabe v. General Food Corp.*, 811 F.2d 1336,
20 1339 (9th Cir. 1987).

21                    **AMOUNT IN CONTROVERSY**

22      10. Plaintiff's Complaint is silent as to the total amount of monetary relief
23 sought.  However, the failure of the Complaint to specify the total amount of
24 monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See,*
25 *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994)
26 (defendant may remove suit to federal court notwithstanding the failure of Plaintiff
27 to plead a specific dollar amount in controversy; if the rules were otherwise, "any
28 Plaintiff could avoid removal simply by declining ... to place a specific dollar

1  claim upon its claim."). Defendant need only establish by a ***preponderance of***
2  ***evidence*** that Plaintiff's claim exceeds the jurisdictional minimum.  *Sanchez v.*
3  *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm*
4  *Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

5      11. In measuring the amount in controversy, a court must assume that the
6  allegations of the Complaint are true and that a jury will return a verdict for the
7  plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan*
8  *Stanley Dean Witter,* 199 F. Supp. 2d 1001 (C.D. Cal. 2002).  The ultimate inquiry
9  is what amount is put "in controversy" by the plaintiff's Complaint, not what a
10 defendant will actually owe. *Rippee*, 408 F. Supp. 2d at 986; *see also Scherer v.*
11 *Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003)
12 (recognizing that the ultimate or provable amount of damages is not what is
13 considered in the removal analysis; rather, it is the amount put in controversy by
14 the plaintiff's complaint).

15     12. The amount in controversy in this case is comprised of the potential
16 monetary recovery for Plaintiff's claims together with Plaintiff's claim for
17 statutory attorneys' fees. *See Lowdermilk* at 479 F.3d at 1000 ("Where an
18 underlying statute authorizes an award of attorneys' fees, either with mandatory or
19 discretionary language, such fees may be included in the amount in controversy.'")
20 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).).

21     13. Defendant denies the validity of Plaintiff's claims and requests for relief
22 thereon.  However, removal is established by review of the facial allegations in
23 Plaintiff's Complaint and his claimed damages.  As set forth below, the amount in
24 controversy is in excess of the jurisdictional minimum. *See, Luckett v. Delta*
25 *Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in
26 notice of removal, combined with plaintiff's allegations, sufficient to support
27 finding of jurisdiction); *DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.
28 1995) (stating that "defendant can show by a preponderance of the evidence that

the amount in controversy is greater than the jurisdictional amount"); *accord, Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI USA, Inc.*, 319 F. 3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a claim for attorneys' fees, that plaintiff's claim exceeded the jurisdictional threshold).

14. Plaintiff contends that he has suffered loss of earnings, promotions, bonuses and benefits.  Complaint ¶¶ 31 and 45.  At the time of the termination of his employment, Plaintiff was earning approximately $140,000 per year. According to the Complaint, Plaintiff's employment was terminated on December 1, 2009.  Complaint ¶21.  Thus, to date, Plaintiff's alleged lost wages alone are approximately $280,000 ($140,000/ x 2 years).

15. In addition to wages, Plaintiff seeks damages for extreme emotional distress, including humiliation, fear, embarrassment and mental anguish. Complaint ¶¶ 32 and 46.  Plaintiff further alleges that he has suffered and will continue to suffer damage to his career and impaired earning capacity.  Complaint ¶32.  Plaintiffs alleging emotional distress as a result of wrongful termination regularly seek, and are awarded, in excess of $75,000.00 in such damages. *E.g., Akers v. County of San Diego*, (2002) 95 Cal. App. 4th 1441, 1452, 116 Cal. Rptr. 2d 602, 620 (affirming jury award in excess of $75,000 in noneconomic damages for retaliation claim); *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895, 76 Cal. Rptr. 2d 827, 827-28 (1998) (upholding jury award in excess of $75,000 in emotional distress damages in a wrongful termination lawsuit); *Satrap v. Pacific Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76, 49 Cal. Rptr. 2d 348, 350 (1996) (jury awarded over $75,000 in non-economic damages in a wrongful termination lawsuit).

16. Plaintiff also seeks reasonable attorneys' fees and punitive damages. Complaint ¶¶ 33, 47 and Prayer for Relief, p. 16:7-8.  It is well settled that in determining whether a complaint meets the $75,000.00 amount in controversy, the

1  Court should consider the aggregate value of claims for compensatory and punitive

2  damages as well as attorneys' fees. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238,

3  64 S.Ct. 5, 88 L.Ed. 15 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367

4  (9th Cir. 1982) (attorneys' fees may be taken into account to determine

5  jurisdictional amounts).

6   17. If proven, Plaintiff's allegations will entitle him to damages in an amount

7  exceeding $75,000.00 exclusive of interest and costs.  Combining this with the

8  attorneys' fees and potential punitive damages at issue certainly exceeds the

9  $75,000.00 jurisdictional threshold.  Accordingly, considering the aggregate of

10  Plaintiff's claims, the amount in controversy is well in excess of $75,000.00.

11       **TIMELINESS OF REMOVAL**

12   18. This Notice of Removal is timely filed in that it has been filed within

13  thirty (30) days of service on Defendant of the Summons and Complaint and

14  within one year of the filing of the Complaint.  28 U.S.C. §1446(b); *Murphy*

15  *Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A]

16  named defendant's time to remove is triggered by the simultaneous service of the

17  summons and complaint, or receipt of the complaint 'through service or

18  otherwise,' after and apart from service of the summons, but not by mere receipt of

19  the complaint unattended by any formal service.").

20   19. For all of the foregoing reasons, this Court has original jurisdiction under

21  28 U.S.C. §§ 1332 and 1441(b).

22  DATED:  January 20, 2012   BROWN GITT LAW GROUP, LLP

23

24         By: _____

25         THOMAS P. BROWN IV
       SHERRY B. SHAVIT

26         Attorneys for Defendant
       TATITLEK TRAINING

27         SERVICES, INC.

28

- 6 -

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** Tatitlek Training Services, Inc.,
*(AVISO AL DEMANDADO):* an unknown entity;
Tatitlek Corporation, an unknown entity; and Does 1-20

FILED - Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

NOV 3 0 2011

By *Melissa Stewart* Dep. Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** George Murray
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California
6527 White Feather Road
same
Joshua Tree, California 92252

**CASE NUMBER:**
*(Número del Caso):*
CIVMS 1 1 0 0 7 8 0

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Randall A. Dierlam, SBN 165254
1901 First Avenue, Second Floor
San Diego, California 92101-2356

619-544-1604

| DATE: | NOV 3 0 2011 | STEPHEN H. NASH Clerk, by | *Melissa Stewart* | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TATITLEK TRAINING SERVICES, INC.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 12-23-11

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1 | Randall A. Dierlam, S.B.N. 165254
Attorney at Law
2 | 1901 First Avenue, Second Floor
San Diego, California 92101-2356
3 | 619-544-1604

4 | Attorney for plaintiff, George Murray

**FILED** - Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

NOV 3 0 2011

By _Melissa Stewart_ Dep. Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| GEORGE MURRAY, an individual, ) | CASE NUMBER  **CIVMS 1 1 0 0 7 8 0** |
| Plaintiff, ) | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| v. ) | |
| TATITLEK TRAINING SERVICES, INC, an unknown entity; TATITLEK CORPORATION, an unknown entity; and DOES 1-20, ) | |
| Defendants. ) | Judge:<br>Dept:<br>Date:<br>Time: |

Plaintiff, GEORGE MURRAY, hereby files the forgoing complaint for damages and demand for jury trial:

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.   GEORGE MURRAY, (hereinafter "plaintiff") was employed as a project manager for the "Civilians on the Battlefield" project at 29 Palms Marine Base, and at all times relevant to the causes of action set forth herein was residing in the County of San

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

1   Bernardino, Joshua Tree Division, in the State of California, and
2   as such is within the jurisdiction of the above-entitled court.
3       2.   Plaintiff is informed and believes, and based thereupon
4   alleges, that at all times  herein mentioned Defendants TATITLEK
5   TRAINING SERVICES, INC, and Does 1 through 10, inclusive,
6   (hereinafter "defendants" or "Tatitlek")were and are a
7   corporation, form unknown, which was and is a privately owned
8   company which provides of battlefield training services to the
9   military, including battle simulations using weapons, vehicles
10  and tactics.  Plaintiff is informed and believes that defendant
11  was and is doing business in the County of San Bernardino, Joshua
12  Tree Division, State of California.  Plaintiff is informed and
13  believes that TATITLEK TRAINING SERVICES, INC., is a subsidiary
14  of defendant TATITLEK CORPORATION.
15      3.   Plaintiff is informed and believes, and based thereupon
16  alleges, that at all times herein mentioned defendants TATITLEK
17  CORPORATION, and Does 11 through 20, inclusive, (hereinafter
18  "defendants" or "Tatitlek Corporation")were and are a business
19  entity, form unknown, which provides various services to the U.S.
20  military, including training, food services property and facility
21  management and logistical services, and was and is doing business
22  in the County of San Bernardino, Joshua Tree Division, State of
23  California.  Plaintiff is informed and believes that TATITLEK
24  CORPORATION is the parent company of defendant TATITLEK TRAINING
25  SERVICES, INC.
26
27
28
               COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                                  2

4.     Plaintiff is ignorant of the true names and capacities
of the defendants sued as Does 1 through 20, inclusive, and
therefore sues said defendants by their fictitious names pursuant
to California Code of Civil Procedure Section 474.   Plaintiff
alleges that each fictitiously named defendant is tortiously
responsible in some manner for the occurrences herein alleged.
Plaintiff will amend this complaint to show their true names and
capacities when they have been determined.

5.     Plaintiff is informed and believes, and based thereupon
alleges, that each of the defendants herein named was the agent
and/or employee of each of the remaining defendants, and was at
all times herein, acting within the scope and purpose of such
agency and/or employment and within the consent, authorization,
permission and ratification of the remaining co-defendants, and
each of them.

## FACTS

6.     On October 1, 2009, plaintiff reported for work as a
project manager for the Tatitlek "Civilians on the Battlefield"
Project at the 29 Palms Marine Corps Base.   Plaintiff's duties
included, but were not limited to, assessing the project,
implementing all necessary safety and quality assurance remedies,
maintaining the budget and expenses, completing inventory and
creating and implementing standard operating procedures
(SOP's) for the operation.   The budget for this project was $60
million per year.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

3

7.    In Plaintiff's position as Project Manager, he began to
establish SOP's to provide leadership, managerial acumen and
client relationship management.  These included procedures for
evaluation structure; defining relations and activities;
determining which employee, sub-contractor or marine personnel
was responsible for each task; purchasing and obtaining
resources; accountability and control measures for the project;
preparing and implementing simulations and numerous other items.

8.    When plaintiff began working as the project manager, he
noted numerous deficiencies in the project.  For example, there
was no "new personnel" orientation, no organizational chart, no
current roster and no professional/corporate-level presentation
or brief regarding the project.  Additionally, the project
structure was in a state of flux at the time plaintiff arrived
with no annual training plans; no training courses scheduled for
subordinate staff; and no training for staff for EEO, harassment,
CPR or safety issues.  Plaintiff also noted that there was a
significant disparity in the allocations of company benefits
accorded to personnel occupying similar positions of responsibility.

9.    Plaintiff also noted that defendants had paid nearly
$850,000.00 in legal fees the prior fiscal year, that he had
approximately 70 open workers' compensation cases and that the
lack of direction and SOP's were creating a hazard to employees
and could cause violations of federal, state and local laws.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

4

10. On October 4, 2009, during processing of nearly 950 employees for a training exercise, one of the employees suffered a colon optic seizure. The ambulance and fire response time was 19 minutes after the 911 call. The employee was transported to the hospital and later released and returned to work, at which time he had another seizure. Again, the response time for the ambulance was nearly 15 minutes. After these incidents, plaintiff made it a SOP that physicians assistants were to be on hand at all future in-processing and hiring events to ensure the safety of employees due to the remote location of the area.

11. Despite plaintiff's creation and implementation of the necessary SOP's for the project, many of them were ignored by his subordinates. For example, during the week of October 11, 2009, plaintiff had instructed the director of operations to draft a SOP for his section, which employs up to 950 role-player employees in dynamic scenarios that include the use of weapons, armored and wheeled vehicles and dangerous pyrotechnic special effects.

12. On October 19, 2009, plaintiff inquired of the director of operations as to estimated date of completion of the SOP's and was told that the director of operations was "working on it" but that he had given his team a four day weekend off, which was causing a delay. At no time did the director of operations, plaintiff's subordinate employee, clear the time off of his team with the plaintiff.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

5

1    13.    On October 21, 2009, plaintiff learned from one of the
2  operations managers that he and another unarmed operations
3  employee had transported semi-automatic weapons from the 29 Palms
4  Marine Corps Base to Bridgeport in a company leased pickup truck.
5  These weapons were transferred without plaintiff's knowledge or
6  consent and without the requisite security or permits to carry or
7  transport them in violation of California and federal laws
8  regarding the transportation of deadly weapons.

9    14.    On October 22, 2009, plaintiff had a meeting with the
10  director of operations regarding the transportation of the
11  weapons.  Plaintiff explained that the transportation of the
12  weapons had been a serious breach of security and safety to the
13  public and that without proper security or permits, the weapons
14  were susceptible to being hijacked or stolen.

15    15.    Plaintiff also discussed in this meeting the fact that,
16  during a training exercise at 29 Palms, plaintiff learned that
17  the director of operations had again given his subordinates time
18  off without plaintiff's approval.  Plaintiff informed the
19  director of operations that all future time off must be approved
20  by the plaintiff and that when they were working, they were to be
21  either training or working in the field.

22    16.    On October 25, 2009, plaintiff had another discussion
23  with the director of operations regarding the transportation of
24  weapons.  Plaintiff again reiterated that weapons were not to be
25  transported without the proper permits and paperwork.

26

27

28              COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                                  6

1  Additionally, in the future all weapons should be broken down
2  into components and transported in separate vehicles dispatched
3  several hours apart so that if there was an accident or theft,
4  the weapons could not be used illegally.

5      17.    On November 26, 2009, plaintiff learned that the
6  director of operations had sought medical treatment from the
7  local 29 Palms emergency room.  The director of operations then
8  drove himself to Orange County to visit his personal physician
9  and was out of work for the remainder of the week.  The director
10 of operations did not notify plaintiff directly of his illness or
11 absence, despite the fact that plaintiff was his direct supervisor.

12     18.    On October 28, 2009, plaintiff was cc'd on an e-mail to
13 the general manager from the director of operations regarding his
14 being out on medical leave and informing him that he had left one
15 of his subordinate operations managers in charge.  The e-mail
16 further stated that the operations manager was working on new
17 business development opportunities and that he was planning on
18 going to Bridgeport.  None of these activities were cleared with
19 the plaintiff, who was the supervisor of the director of
20 operations.

21     19.    On October 30, 2009, plaintiff responded to the
22 director of operations and informed him that he expected to be
23 kept apprised of all situations regarding the ongoing operations
24 and that he expected him to follow the chain of command.

25
26
27

28          COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                              7

20.     On or about November 1, 2001, a new safety manager
began working on the project.  The safety manager was hired to
provide direct safety and QA support to the plaintiff and provide
consultative safety and QA related input to the general manager
across other projects within the division.

21.     On November 2, 2009, plaintiff contacted the director
of operations regarding the storage and use of semi-automatic
weapons that were to be utilized in training scenarios.
Plaintiff directed that blank firing adapters were to be welded
to the barrels.  The blank firing adaptors prevents powder and
gases from blank rounds escaping and prevents live rounds from
being fired.  The escaping powder and gas could cause injury to
personnel if the BFA is not installed, and the use of live rounds
could cause injury or death to nearby personnel.  The director of
operations responded by insisting that the plaintiff's request
was not necessary.

22.     On November 3, 2009, plaintiff contacted the director of
operations, the admin/log and the safety manager to request that
they provide their drafts of the SOP's before the following day.
The director of operations informed the plaintiff that he needed
more time to complete his and stated that he needed more
information regarding the project structure and the new safety
manager position.  Plaintiff provided him and the admin/log with
the necessary information and again requested that the drafts of
the SOP's be provided as soon as possible.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

8

23. On or about November 9, 2009, the safety manager and the director of operations agreed to provide safety training to employees as part of a clear hold building Exercise. It was further agreed that plaintiff would provide a safety seminar for the operations section's key personnel since there would be a significant field operation in the near future.

24. Also on November 9, 2009, plaintiff learned that the director of operations had been providing weapons-related training for Marines who had been less than honorably discharged. These individuals were being trained in the use of semi-automatic weapons for use in field training exercises. Plaintiff informed the director of operations that he was not to utilize former members of the military that had not been honorably discharged for training operations.

25. During this meeting, plaintiff again reported that not all of the weapons had the blank firing adaptors welded to the barrel of the semi-automatic weapons to ensure they were safe for use during training exercises. Plaintiff insisted that the weapons had to have the BFA's affixed and pass a technical inspection before being used in the field. At this same time frame, plaintiff reported to his supervisor that the director of operations had been under the influence of prescription pain killers while operating a Tatitlek motor vehicle, further jeopardizing the safety of others.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

9

26.    On November 13, 2009, plaintiff was informed by the director of operations that he had unilaterally cancelled the safety training that was to be offered to the employees. Plaintiff had a meeting with the director of operations and the safety manager and informed them that they were not permitted to cancel training unless it was authorized by the plaintiff.

27.    On November 14, 2009, plaintiff learned that the safety manager had quit the project.  Plaintiff was informed that the reason for the safety manager's resignation was due to the plaintiff's "style of delivery"; however, the general manager stated that he believed plaintiff would be able to continue on the project.

28.    On November 15, 2009, plaintiff was informed that he was being placed on paid administrative leave to allow a "cooling off period" between plaintiff and his subordinate employees. Plaintiff was informed that the "cooling off period" was for plaintiff's own safety.  Plaintiff was told to take his phone with him and check in periodically.

29.    On December 1, 2009, plaintiff was informed that he was being terminated.  No reason was given to plaintiff for the reason for his termination.  However, after plaintiff requested further information, he was told that he was being terminated for "being disruptive" and for "not fitting in."

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

10

1      30.    Plaintiff is informed and believes that plaintiff's
2   termination was retaliation for his repeated demands that the
3   director of operations follow specific guidelines and laws
4   regarding the storage and transportation of semi-automatic
5   weapons in the State of California.

6                              DAMAGES

7      31.    As a result of the acts and omissions alleged herein the
8   plaintiff has sustained and will continue to sustain substantial
9   loss of earnings, promotions, bonuses and benefits.  In addition,
10  plaintiff has suffered and will continue to suffer damage to his
11  career and impaired earning capacity in an amount to be
12  determined according to proof.

13     32.    As a further result of the acts and omissions alleged
14  herein, the plaintiff has suffered and continues to suffer
15  humiliation, fear, embarrassment and emotional anguish and
16  extreme emotional distress in an amount to be determined
17  according to proof.

18     33.    The conduct of the defendants was oppressive and
19  malicious and in conscious disregard of the rights of the
20  plaintiff thus entitling him to punitive and exemplary damages.

21                        FIRST CAUSE OF ACTION

22         (Wrongful Termination in Violation of Public Policy)

23     34.    Plaintiff incorporates herein by reference each and
24  every allegation contained in paragraphs 1 through 33 of this
25  complaint as if fully set forth herein.

26

27

28          COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                                  11

35.     Irrespective of any employment contract, the defendants' right to discharge plaintiff was subject to limits imposed by the public policy of the State of California.

36.     At all times mentioned herein, California Code of Regulations 11 CCR §§4125-4136 were in full force and effect. Said regulations state, in pertinent part, that "no person shall possess, transport or sell any dangerous weapon in this state unless he/she has been granted a permit and/or license pursuant to these regulations.  No permit or license shall be issued to any applicant who fails to establish good cause for such permit or license and that such permit or license would not endanger the public safety." 11 CCR §4128(a), (b). Although the use of dangerous weapons in activities sanctioned by government military agencies would constitute good cause pursuant to this regulation, defendants failed to obtain the necessary permits to transport the weapons as set forth below.

37.     On October 21, 2009, plaintiff learned from one of the operations managers that he and another unarmed operations employee had transported semi-automatic weapons from the 29 Palms Marine Corps Base to Bridgeport in a company leased pickup truck. These weapons were transferred without plaintiff's knowledge or consent and without the requisite security or permits to carry or transport them.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

12

1    38.    On October 22, 2009, plaintiff had a meeting with the
2  director of operations regarding the transportation of the
3  weapons.   Plaintiff explained that the transportation of the
4  weapons had been a serious breach of security and safety to the
5  public and that without proper security or permits, the weapons
6  were susceptible to being hijacked or stolen.

7    39.    On October 25, 2009, plaintiff had another discussion
8  with the director of operations regarding the transportation of
9  weapons.   Plaintiff again reiterated that weapons were not to be
10  transported without the proper permits and paperwork.
11  Additionally, in the future all weapons should be broken down
12  into components and transported in separate vehicles dispatched
13  several hours apart so that if there was an accident or theft,
14  the weapons could not be used illegally.

15    40.    On November 2, 2009, plaintiff contacted the director
16  of operations regarding the storage and use of semi-automatic
17  weapons that were to be utilized in training scenarios.
18  Plaintiff requested that the blank firing adapters be welded to
19  the weapons to insure the safety of personnel.   The director of
20  operations responded by insisting that plaintiff's request was
21  not necessary.

22
23
24
25
26
27
28        COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

13

41. On November 9, 2009, plaintiff again requested that the blank firing adaptors be welded to the barrel of the semi-automatic weapons to ensure they were safe for use during training exercises. Plaintiff explained that they needed to be affixed in order for them to pass a technical inspection before being used in the field. This request was never complied with.

42. On November 15, 2009, plaintiff was informed that he was being placed on paid administrative leave to allow a "cooling off period" between plaintiff and his subordinate employees. Plaintiff was informed that the "cooling off period" was for plaintiff's own safety. Plaintiff was told to take his phone with him and check in periodically.

43. On December 1, 2009, plaintiff was informed that he was being terminated. No reason was given to plaintiff for his termination. However, after plaintiff requested further information, he was told that he was being terminated for "being disruptive" and for "not fitting in."

44. Plaintiff is informed and believes that plaintiff's termination was retaliation for his repeated demands that the director of operations follow specific guidelines and laws regarding the storage and transportation of semi-automatic weapons in the State of California.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

14

45.    As a direct and proximate result of the acts and conduct of defendants, and each of them, plaintiff has been harmed in that he has suffered lost wages and benefits, and will continue to lose wages and benefits in the future, all in an amount according to proof at time of trial.

46.    As  a further proximate result of the conduct of defendants, and each of them, plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all in an amount according to proof at time of trial.

47.    Defendants' conduct as described above was made with the intent to injure plaintiff, or with conscious disregard for plaintiff's rights, and with the intent to vex, harass, intimidate, and annoy him.  To the extent this conduct was made by defendants' non-managing agents, defendants, and each of them, ratified and adopted this conduct for its own with full knowledge of the consequences of this ratification and adoption.  Thus, defendants' conduct as described above was done with fraud, malice, and oppression, such as to justify an award of exemplary and/or punitive damages pursuant to California Civil Code section 3294.  The amount of exemplary and/or punitive damages to which plaintiff is entitled is subject to proof at trial, but is in excess of the minimum jurisdiction of this Court.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

15

1                          PRAYER FOR RELIEF

2   WHEREFORE, plaintiff prays for judgment against the defendants as

3   follows:

4       1.    For compensatory damages according to proof;

5       2.    For general damages and other special damages according

6            to proof;

7       3.    For costs and reasonable attorney's fees;

8       4.    For punitive damages where permitted by statute;

9       5.    For prejudgment interest; and

10      6.    For such other relief as the court may deem necessary and

11           proper.

12

13  Dated: November 30, 2011

14

15

    Randall A. Dierlam
16  attorney for plaintiff,
    George Murray

17

18

19

20

21

22

23

24

25

26

27

28          COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                              16

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

George Murray

**Case No.** CIVMS 1 1 0 0 7 8 0

vs.

**CERTIFICATE OF ASSIGNMENT**

TATITLEK TRAINING SERVICES, INC.,et al

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the   Joshua Tree
District of the Superior Court under Rule 404 of this court for the checked reason:

| | [X] General | [ ] Collection |
| --- | --- | --- |
| | **Nature of Action** | **Ground** |

FILED - Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

NOV 3 0 2011

By Melissa Stewart Dep. Clerk

| | # | Nature of Action | Ground |
| --- | --- | --- | --- |
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Twentynine Palms Marine Corps Air Ground Combat Center

_____
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                                ADDRESS

Twentynine Palms, CA  92277
_____
(CITY)                                        (STATE)                          (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

Randall Dierlam, Esq.                        at   San Diego                      , California
                                                                        Signature of Attorney/Party

13-16503-360 Rev. 10/94                                                                    SB-16503

EXHIBIT B

**CT Corporation**

**Service of Process Transmittal**
12/23/2011
CT Log Number 519698041

**TO:**   Laura Lancaster, Legal Administrator/Paralegal
The Tatitlek Corporation
561 East 36th Avenue
Anchorage, AK 99503

**RE:**   **Process Served in California**

**FOR:**   Tatitlek Training Services, Inc., (Domestic State: AK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | George Murray, etc., Pltf. vs. Tatitlek Training Services, Inc, etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - Joshua Tree, CA Case # CIVMS1100780 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 12/01/09 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/23/2011 at 11:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Randall A. Dieriam 1901 First Avenue Second Floor San Diego, CA 92101-2356 619-544-1604 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/23/2011, Expected Purge Date: 12/28/2011 Image SOP Email Notification, Laura Lancaster llancaster@tatitlek.com Email Notification, Ginger Allen gallen@tatitlek.com |
| **SIGNED:** **PER:** **ADDRESS:** **TELEPHONE:** | C T Corporation System Nancy Flores 818 West Seventh Street Los Angeles, CA 90017 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 300 North Lake Avenue, Suite 200, Pasadena, California 91101.

3. I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT CAPGEMINI AMERICA, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441(b)  (Diversity)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   **Attorneys for Plaintiff:**                    Tel:  619.544.1604

   Randall A. Dierlam
   Attorney at Law
   1901 First Avenue, Second Floor
   San Diego, CA 92101-2356

5. a. ☐  **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

       (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

       (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

   c. ☐  **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    d. ☐    **By messenger service.**  I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

    e. ☐    **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4.  No error was reported by the fax machine that I used.  A copy of the fax transmission, which I printed out, is attached.

    f. ☐    **By e-mail or electronic transmission.**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.    I served the documents by the means described in item 5 on *(date):* January 20, 2012

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 01/20/12 | Kelli Dixon | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

1  Thomas P. Brown IV          State Bar No. 97315
   tbrown@browngitt.com
2  Sherry B. Shavit            State Bar No. 193222
   sshavit@browngitt.com                                    FILED - Joshua Tree District
3  BROWN GITT LAW GROUP, LLP                                    SUPERIOR COURT
                                                            SAN BERNARDINO COUNTY
4  300 North Lake Avenue, Suite 200
   Pasadena, California 91101                                   JAN 1 9 2012
5  Telephone: 626.229.1919
   Facsimile:  626.229.1917                               By_Melissa Stewart_
6                                                                       Dep. Clerk

7  Attorneys for Defendant
   TATITLEK TRAINING SERVICES, INC

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF SAN BERNARDINO – JOSHUA TREE DISTRICT

10

11 GEORGE MURRAY, an individual,              CASE NO.  CIVMS 1100570 1100780

12               Plaintiff,                   Complaint Filed:  August 15, 2011

13        v.

14 TATITLEK TRAINING SERVICES, INC, an        DEFENDANT TATITLEK TRAINING
   unknown entity; TATITLEK CORPORATION,      SERVICES, INC.'S ANSWER TO
15 an unknown entity; and DOES 1-20,          COMPLAINT FOR DAMAGES

16               Defendants.                  Assigned to The Hon. Frank J. Gafkowski, Jr.
                                              Dept. M4
17

18

19       Defendant Tatitlek Training Services, Inc. (hereinafter referred to as "Defendant TTSI"),

20 hereby submits this Answer for itself and no one else in response to Plaintiff George Murray's

21 ("Plaintiff") Complaint ("Complaint").

22                              GENERAL DENIAL

23       Pursuant to the provisions of California *Code of Civil Procedure* § 431.30(d), Defendant

24 TTSI denies generally and specifically the allegations of Plaintiff's unverified Complaint and

25 further denies that Plaintiff suffered any damages as alleged in the Complaint.

26                                  DEFENSES

27       Defendant TTSI hereby sets forth below defenses to the Complaint, and each and every

28 cause of action or claim alleged therein, without assuming or undertaking any burden or burdens

                                          - 1 -

of proof not otherwise assigned to them by law.  As separate defenses to the Complaint, Defendant TTSI alleges as follows:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.    Neither the Complaint nor any cause of action contained therein states sufficient facts to constitute a cause of action against Defendant TTSI.

## SECOND DEFENSE

### (IMPROPER DEFENDANT)

2.    No cause of action exists as to this answering defendant because Defendant TTSI was not Plaintiff's employer.

## THIRD DEFENSE

### (Legitimate Business Judgment)

3.    To the extent that any conduct of which Plaintiff complains is attributed to Defendant TTSI and/or was undertaken by Defendant TTSI, such conduct was a just and proper exercise of discretion and business judgment, undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

## FOURTH DEFENSE

### (Assumption of Risk)

4.    Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action in that Plaintiff assumed the risk of the occurrences and damages alleged.

## FIFTH DEFENSE

### (Proximate Cause)

5.    Plaintiff, by his own acts and conduct, proximately caused the damages complained of and, therefore, Defendant TTSI has no liability for the purported damages suffered by Plaintiff.

///

///

///

DEFENDANT TATITLEK TRAINING SERVICES, INC.'S ANSWER TO COMPLAINT

## SIXTH DEFENSE

### (Comparative Fault)

6.      Plaintiff, by his own acts and conduct, contributed to the damages complained of, and the liability of Defendant TTSI, if any, for the purported damages suffered by Plaintiff must be reduced by an amount proportionate to Plaintiff's comparative fault.

## SEVENTH DEFENSE

### (Unclean Hands)

7.      Plaintiff may not seek relief from this Court in that he comes before this Court with unclean hands.

## EIGHTH DEFENSE

### (Bad Faith)

8.      Plaintiff's Complaint and each of its purported causes of action are barred because Plaintiff was, at all relevant times, acting in bad faith.

## NINTH DEFENSE

### (Waiver)

9.      Plaintiff may not seek relief from this Court as his claims are subject to the doctrine of waiver.

## TENTH DEFENSE

### (Laches)

10.      The Complaint, and each count set forth therein, is barred by the doctrine of laches.

## ELEVENTH DEFENSE

### (Estoppel)

11.      Plaintiff may not seek relief from this Court as his claims are subject to the doctrine of estoppel.

///

///

///

- 3 -

**TWELFTH DEFENSE**

**(Workers' Compensation Preemption)**

12.     The Complaint, and every cause of action therein, fails to state facts sufficient to constitute any cause of action over which this Court has jurisdiction in that, to the extent Plaintiff allegedly suffered workplace injuries, the exclusive remedy for his purported injuries is workers' compensation.

**THIRTEENTH DEFENSE**

**(Failure to Mitigate)**

13.     Plaintiff has failed to mitigate his damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

**FOURTEENTH DEFENSE**

**(Failure to Use Preventative Opportunities)**

14.     Defendant TTSI contends that it was not Plaintiff's employer; however, if Defendant TTSI was Plaintiff's employer, Defendant TTSI exercised reasonable care to prevent and correct promptly any improper behavior allegedly reported to it, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant TTSI.

**FIFTEENTH DEFENSE**

**(After-Acquired Evidence)**

15.     That the doctrine of after-acquired evidence either limits Plaintiff's alleged damages or completely bars his suit.

**SIXTEENTH DEFENSE**

**(Statute of Limitations)**

16.     Any common law tort and/or statutory cause of action purportedly asserted in Plaintiff's Complaint is barred by the provisions of all applicable statutes of limitations, including without limitation Code of Civil Procedure §§ 335.1, 337, 339 and/or 340, to the extent he seeks relief for conduct occurring outside of the relevant statute of limitations period.

///

- 4 -

1

**SEVENTEENTH DEFENSE**

2

**(Free Speech)**

3      17.     That the alleged conduct of Defendant TTSI is protected as free speech under

4    Article 1, Section 2 of the California Constitution and/or the First Amendment of the United

5    States Constitution.

6

**EIGHTEENTH DEFENSE**

7

**(Intergovernmental Immunity Doctrine)**

8      18.     Plaintiff's claims are barred by the intergovernmental immunity doctrine that

9    prohibits the state governments' regulation of federal military training of infantrymen who are

10   to be sent abroad under the President's constitutional war-marking powers.

11

**NINETEENTH DEFENSE**

12

**(Federal Enclave Doctrine)**

13     19.     Plaintiff's claims are barred in whole by the federal enclave doctrine and the

14   accretion of Twentynine Palms to Camp Pendleton, which prohibits the imposition of state laws

15   on lands given over to the federal government for exclusive jurisdiction.

16

**TWENTIETH DEFENSE**

17

**(Federal Actor Doctrine)**

18     20.     Plaintiff's claims are barred in whole or part by the federal actor doctrine or such

19   other doctrine that provides immunity to persons or entities acting under an officer of the United

20   States for actions performed under color of that person's office.

21

**TWENTY-FIRST DEFENSE**

22

**(Government Contractor Defense)**

23     21.     Plaintiff's claims are barred in whole or part by the Government contractor

24   defense insofar as the alleged conduct was performed in accordance with the terms and

25   requirements of a Federal government contract.

26   ///

27   ///

28   ///

- 5 -

## TWENTY-SECOND DEFENSE

### (Failure to State Claim for Punitive Damages)

22.     Plaintiff's claim for punitive damages is barred in that he has failed to plead facts sufficient to support allegations of malice, oppression, fraud and despicable conduct by any managing agent of the corporate defendant or by any individual.

## TWENTY-THIRD DEFENSE

### (Constitutional Bar on Punitive Damages)

23.     Plaintiff is not entitled to recover the punitive damages alleged in the Complaint as an award of punitive damages would violate Defendant TTSI's rights under the Constitution of the United States of America and under the Constitution of the State of California, including but not limited to Defendant TTSI's rights to procedural and substantive due process and protection from excessive fines.

## TWENTY-FOURTH DEFENSE

### (Additional Defenses)

24.     Defendant TTSI presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses, and Defendant TTSI thereby reserves the right to assert additional affirmative defenses in the event discovery or other investigation indicates such defenses would be appropriate.

///
///
///
///
///
///
///
///
///
///

DEFENDANT TATITLEK TRAINING SERVICES, INC.'S ANSWER TO COMPLAINT

1    **WHEREFORE**, Defendant TTSI prays for judgment as follows:

2    A.    Judgment dismissing the Complaint with prejudice;

3    B.    Plaintiff take nothing by way of his Complaint;

4    C.    Defendant TTSI be awarded its attorneys' fees and costs of suit herein; and

5    D.    For such other further relief as the Court may deem proper.

6

7

8    DATED: January 19, 2012                    BROWN GITT LAW GROUP, LLP

9

10                                              By:  _____
                                                     Thomas P. Brown IV
11                                                   Sherry B. Shavit
                                                     Attorneys for Defendant TATITLEK
12                                                   TRAINING SERVICES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

DEFENDANT TATITLEK TRAINING SERVICES, INC.'S ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 300 North Lake Avenue, Suite 200, Pasadena, California 91101.

3. I served copies of the following documents (specify the exact title of each document served):

**DEFENDANT TATITLEK TRAINING SERVICES, INC.'S ANSWER TO COMPLAINT FOR DAMAGES**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

**Attorneys for Plaintiff:**                    Tel:  619.544.1604

Randall A. Dierlam
Attorney at Law
1901 First Avenue, Second Floor
San Diego, CA 92101-2356

5.   a. ☐   **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ☒   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

      (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

      (2) ☒   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

   c. ☐   **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 8 -

DEFENDANT TATITLEK TRAINING SERVICES, INC.'S ANSWER TO COMPLAINT

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* January 19, 2012

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 01/19/12 | Kelli Dixon | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 9 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is 300 North Lake Avenue, Suite 200, Pasadena, California 91101.

3.   I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL**
**USDC CIVIL COVER SHEET**
**NOTICE OF INTERESTED PARTIES**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

<u>**Attorneys for Plaintiff:**</u>          Tel:  619.544.1604

Randall A. Dierlam
Attorney at Law
1901 First Avenue, Second Floor
San Diego, CA 92101-2356

5.   a. ☐   **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

     b. ☒   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

          (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

          (2) ☒   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

     I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

     c. ☐   **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* January 20, 2012

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 01/20/12 | Kelli Dixon | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 9 -

**ORIGINAL**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
GEORGE MURRAY

**DEFENDANTS**
TATITLEK TRAINING SERVICES, INC.
THE TATITLEK CORPORATION

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Randall A. Dierlam, Attorney at Law
1901 First Avenue, Second Floor
San Diego, CA 92101

Attorneys (If Known)
Sherry B. Shavit, Esq.
BROWN GITT LAW GROUP
300 North Lake Avenue, Suite 200
Pasadena, CA 91001

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
☐1 Original Proceeding   ☑2 Removed from State Court   ☐3 Remanded from Appellate Court   ☐4 Reinstated or Reopened   ☐5 Transferred from another district (specify):   ☐6 Multi-District Litigation   ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332 and 1441(b) (Diversity)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐400 State Reapportionment | ☐110 Insurance | ☐310 Airplane | ☐370 Other Fraud | ☐510 Motions to Vacate Sentence Habeas Corpus | ☐710 Fair Labor Standards Act |
| ☐410 Antitrust | ☐120 Marine | ☐315 Airplane Product Liability | ☐371 Truth in Lending | | ☐720 Labor/Mgmt. Relations |
| ☐430 Banks and Banking | ☐130 Miller Act | ☐320 Assault, Libel & Slander | ☐380 Other Personal Property Damage | ☐530 General | ☐730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐450 Commerce/ICC Rates/etc. | ☐140 Negotiable Instrument | ☐330 Fed. Employers' Liability | ☐385 Property Damage Product Liability | ☐535 Death Penalty | |
| ☐460 Deportation | ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐340 Marine | BANKRUPTCY | ☐540 Mandamus/ Other | ☐740 Railway Labor Act |
| ☐470 Racketeer Influenced and Corrupt Organizations | | ☐345 Marine Product Liability | ☐422 Appeal 28 USC 158 | ☐550 Civil Rights | ☐790 Other Labor Litigation |
| ☐480 Consumer Credit | ☐151 Medicare Act | ☐350 Motor Vehicle | ☐423 Withdrawal 28 USC 157 | ☐555 Prison Condition | ☐791 Empl. Ret. Inc. Security Act |
| ☐490 Cable/Sat TV | ☐152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐810 Selective Service | | ☐360 Other Personal Injury | ☑441 Voting | ☐610 Agriculture | ☐820 Copyrights |
| ☐850 Securities/Commodities/ Exchange | ☐153 Recovery of Overpayment of Veteran's Benefits | ☐362 Personal Injury- Med Malpractice | ☑442 Employment | ☐620 Other Food & Drug | ☐830 Patent |
| ☐875 Customer Challenge 12 USC 3410 | ☐160 Stockholders' Suits | ☐365 Personal Injury- Product Liability | ☐443 Housing/Acco- mmodations | ☐625 Drug Related Seizure of Property 21 USC 881 | ☐840 Trademark |
| ☐890 Other Statutory Actions | ☐190 Other Contract | ☐368 Asbestos Personal Injury Product Liability | ☐444 Welfare | | SOCIAL SECURITY |
| ☐891 Agricultural Act | ☐195 Contract Product Liability | | ☐445 American with Disabilities - Employment | ☐630 Liquor Laws | ☐861 HIA (1395ff) |
| ☐892 Economic Stabilization Act | ☐196 Franchise | IMMIGRATION | | ☐640 R.R. & Truck | ☐862 Black Lung (923) |
| ☐893 Environmental Matters | REAL PROPERTY | ☐462 Naturalization Application | ☐446 American with Disabilities - Other | ☐650 Airline Regs | ☐863 DIWC/DIWW (405(g)) |
| ☐894 Energy Allocation Act | ☐210 Land Condemnation | ☐463 Habeas Corpus- Alien Detainee | ☐440 Other Civil Rights | ☐660 Occupational Safety /Health | ☐864 SSID Title XVI |
| ☐895 Freedom of Info. Act | ☐220 Foreclosure | ☐465 Other Immigration Actions | | ☐690 Other | ☐865 RSI (405(g)) |
| ☐900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐240 Torts to Land | | | | ☐870 Taxes (U.S. Plaintiff or Defendant) |
| ☐950 Constitutionality of State Statutes | ☐245 Tort Product Liability | | | | ☐871 IRS-Third Party 26 USC 7609 |
| | ☐290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **EDCV12-0099**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Tatitlek Training Services, Inc.,-Alaska<br>The Tatitlek Corporation-Alaska |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _*Anny Shavit*_      Date January 20, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 99 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.