MARK E. TERMAN (Bar No. 116294)
mark.terman@dbr.com
PASCAL BENYAMINI (Bar No. 203883)
pascal.benyamini@dbr.com
**DRINKER BIDDLE & REATH LLP**
1800 Century Park East, Ste. 1400
Los Angeles, CA  900367
Telephone:   (310) 203-4000
Facsimile:    (310) 229-1285

Attorneys for Defendant
Tatitlek Training Services, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MURRAY, an individual,<br><br>     Plaintiff,<br><br>vs.<br><br>TATITLEK TRAINING SERVICES, INC., an unknown entity; TATITLEK CORPORATION, an unknown entity; and DOES 1-20, inclusive,<br><br>     Defendants. | CASE NO.: 5:12-CV-00099-R(SPx)<br><br>*Honorable Manuel L. Real*<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FILED IN CONNECTION WITH DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING DEFENDANT'S FIRST AND SECOND AFFIRMATIVE DEFENSES**<br><br>Date:  September 4, 2012<br>Time: 10:00 a.m.<br>Ctrm: 8<br><br>Discovery Cut-Off: Sept. 4, 2012<br>Final Pre-Trial Conf.: Sept. 24, 2012<br>Trial Date: Oct. 30, 2012 |

Defendant Tatitlek Training Services, Inc. ("Defendant") respectfully submits the following [Proposed] Separate Statement of Uncontroverted Facts and Conclusions of Law filed in Support of Defendant's Motion for Summary Judgment.

After consideration of the papers in support of, and in opposition to, Defendant's Motion for Summary Judgment and the oral arguments of counsel for the parties, the Court determines that the following facts have been established as uncontroverted:

| | **Uncontroverted Fact** | **Evidence** |
|---|---|---|
| 1. | Plaintiff's entire Complaint contains one cause of action for Wrongful Termination in Violation of Public Policy against Plaintiff's former employer. | 1. Request for Judicial Notice (RJN"), Ex. 1. |
| 2. | Plaintiff's counsel, Randall Dierlam, was advised that Plaintiff sued the wrong business entity as early as January 5, 2012. | 2. Declaration of Sherry Shavit ("Shavit Dec."), ¶¶ 4-5, Ex. "A". |
| 3. | On January 19, 2012, Defendant filed its answer to Plaintiff's Complaint and set forth an affirmative defense based on failure to state a cause of action (First Affirmative Defense) and an affirmative defense based on improper defendant (Second Affirmative Defense) | 3. RJN, Ex. 2, page 2. |
| 4. | On January 20, 2012, in filing its Certification and Notice of Interested Parties, Defendant identified Tatitlek Support Services, Inc. ("TSSI") as the proper defendant entity and Plaintiff's former employer. | 4. RJN, Ex. 4 [Docket # 2]. |
| 5. | On March 30, 2012, when the parties filed the Joint Report of Counsel Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff specifically represented that "Plaintiff anticipates naming an additional party (the proper corporate entity) to this lawsuit within thirty (30) days of the filing of this Joint Report of Counsel." | 5. RJN, Ex. 5, ¶G, page 3 [Docket # 7] |

| Uncontroverted Fact | Evidence |
|---|---|
| 6. Plaintiff's actual employer was TSSI, not Defendant nor The Tatitlek Corporation. | 6. Declaration of Mary Tesch ("Tesch Dec."), ¶ 11; Declaration of Michael Sovacool ("Sovacool Dec."), ¶¶ 5-7. |
| 7. Neither The Tatitlek Corporation nor Defendant engaged in any employer-employee relationship with Plaintiff. | 7. Tesch Dec., ¶ 11; Sovacool Dec., ¶¶ 5-7. |
| 8. TSSI's General Manager, Michael Sovacool, made the decision to hire Plaintiff as a Project Manager for TSSI effective October 1, 2009. | 8. Sovacool Dec., ¶ 5. |
| 9. TSSI's General Manager, Michael Sovacool, made the decision to terminate Plaintiff's employment effective December 11, 2009. | 9. Sovacool Dec., ¶ 7. |

## CONCLUSIONS OF LAW

1. Plaintiff's entire Complaint contains one cause of action for Wrongful Termination in Violation of Public Policy against Plaintiff's former employer.

2. An employee can only sue his/her former employer for a cause of action for wrongful termination in violation of Public Policy. *See Haney v. Aramark Uniform Services, Inc.*, 121 Cal. App. 4th 623, 641 (2004).

3. The elements of a claim for wrongful termination in violation of public policy are:

   (a) an employer-employee relationship;

(b) the employee was subjected to an adverse employment action;

(c) the adverse employment action violated public policy; and

(d) the adverse employment action caused the employee damages. *See Haney v. Aramark Uniform Services, Inc.*, 121 Cal. App. 4th 623, 641 (2004).

4. Defendant has moved for summary judgment based on Defendant's First and Second Affirmative Defenses for Failure to State a Cause of Action and Improper Defendant, respectively. As there are not triable issues of material fact regarding Defendant's First and Second Affirmative Defenses, they can be determined on summary judgment.

5. Summary judgment may be granted where there is "no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." FRCP 56(c); *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978).

6. A defendant who is not a proper party defendant in a lawsuit can seek dismissal of the claims against it by filing a motion for summary judgment. *See, e.g.*, *Tanner v. Derwinski*, 24 F.3d 249, 1994 WL 142957 (9th Cir. 1994), *unpublished Disposition*; *Taylor v. Arizona Dept. of Corrections*, 863 F.2d 886, 1988 WL 132607 (9th Cir. 1988), *unpublished Disposition*.

7. As a matter of law, the employer-employee relationship between Defendant and Plaintiff is non-existent because Defendant was never Plaintiff's employer.

8. There is not a scintilla of evidence that supports a finding that Defendant is the proper defendant in this action. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment).

9. Defendant here is not the proper party defendant, and as a matter of law, Defendant cannot be liable to Plaintiff under Plaintiff's Complaint.

10. Defendant has affirmatively disproved that it was not Plaintiff's employer and Defendant is entitled to judgment on Plaintiff's entire Complaint because no

1  genuine issue of material fact exists to show that Defendant was Plaintiff's employer.

2        11.   Accordingly, Defendant is entitled to summary judgment on Plaintiff's Complaint.

Dated: September 13, 2012

                                           Manuel L. Real
                                           United States District Judge

July 30, 2012                       DRINKER BIDDLE & REATH

                                     By: */s/ Mark E. Terman*
                                           MARK E. TERMAN
                                           PASCAL BENYAMINI
                                           Attorneys for Defendant Tatitlek Training Services, Inc.